IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHYATI ANDREWS,<br><br>    Plaintiff,<br><br> v.<br><br>SEARS HOLDING CORPORATION, d/b/a SEARS,<br><br>    Defendant. | No. 08 CV 0406<br><br>Hon. Ronald A. Guzman<br> Judge Presiding<br><br>Magistrate J. Mason<br><br>**Jury Trial Requested** |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, KHYATI ANDREWS, by and through her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, SEARS HOLDING CORPORATION, d/b/a SEARS, states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, KHYATI ANDREWS, is a Caucasian citizen of the United States who resides in the State of Illinois.

5. Defendant, SEARS HOLDING CORPORATION, d/b/a SEARS, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 15, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on January 18, 2008, which Plaintiff received on January 24, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981 - RACIAL DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant in September 2003 as a part-time Store Marketing Associate. Since the inception of her employment, Plaintiff has received five (5)

promotions, and eventually was appointed to the position of Assistant Store Coach for Home Improvement at the Chicago Ridge Unit #1840 store.

9. Throughout the entirety of her employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, her performance evaluations, numerous promotions, bonuses, merit-based raises, and selection to Defendant's "Rising Star" program.

10. In October 2007, Defendant appointed a new Store Coach, Castra Echols, African-American, to manage the Chicago Ridge Unit #1840 store location.

11. Since the inception of Store Coach Echols' appointment to Store Coach in October 2007, Defendant has discriminated against Plaintiff on the basis of her race, Caucasian, by disciplining Plaintiff in a disparate manner to her similarly situated African-American co-workers. Examples of such conduct follow.

12. On December 4, 2007, an illness necessitated that Plaintiff leave for the day. Per Defendant's practices and procedures, before she departed, Plaintiff attempted to inform Store Coach Echols that she would be absent for the remainder of the day, but Echols had already went home. As there was no other employee in a higher supervisory position remaining in the store, Plaintiff informed her staff and left work to recover from her illness.

13. Four days later, on December 8, 2007, despite Plaintiff fully complying with Defendant's practices and procedures when she left work to recuperate from her illness, in a meeting with Store Coach Echols and Antonio Jarrett, African-American Loss Prevention Officer, Defendant terminated Plaintiff's employment for the purported reason of "time fraud" relating to her December 4, 2007 absence.

14. In contrast to Plaintiff, Defendant has not terminated the employment of or substantively disciplined similarly-situated African-American employees with far more frequent or more excessive absences, including but not limited to Loss Prevention Manager Jarrett, who frequently has left work early or not reported to work at all, and Tinasha Washington, Soft Lines Lead, who frequently takes excessive breaks during work hours.

15. Any reasons proffered by Defendant for terminating Plaintiff's employment were a pretext for discriminating against Plaintiff on the basis of her race, Caucasian.

16. Shortly following Plaintiff's termination, Defendant issued an e-mail to all employees at the Chicago Ridge Unit #1840 store that Plaintiff was no longer employed by Defendant and that she had been replaced by Lanore Walker Snell, an African-American Assistant Manager In-Training with substantially less qualifications and experience than Plaintiff. Defendant promoted Walker Snell in violation of its practices and policies requiring a minimum of five (5) days notice before filling a vacant position.

17. Following the termination of her employment in violation of Defendant's policies and practices, Plaintiff placed complaints to Defendant's human resources department, employee hotline, and Lisa Aaman, Midwest Regional Coach, regarding the disparate treatment she received on the basis of her race.

18. Approximately ten days later, Defendant recognized that Plaintiff had not violated any store policy and reinstated her employment. However, in reinstating her employment, Defendant required Plaintiff to return to the same store location and under the same management that she had placed complaints regarding disparate treatment. When Plaintiff expressed concerns to Denny Hobbs, District Coach, about being returned to the same discriminatory environment, Hobbs simply

told Plaintiff "not to worry" and that everything had just been a "misunderstanding".

19. On information and belief, Defendant did not substantively discipline Store Coach Echols despite being presented with clear evidence that she had violated store policies by discriminating against Plaintiff in favor of an African-American employee. Further, Defendant merely returned Lanore Walker Snell to the management training program at the Chicago Ridge Unit #1840 store, despite the knowledge of her participation in the discriminatory scheme against Plaintiff.

20. From the outset of her return to work, Defendant subjected Plaintiff to a course of hostile, abusive, discriminatory, and harassing conduct.

21. Upon her return to work, Defendant removed Plaintiff's computer terminal from her office. Despite repeated requests, Store Coach Echols refused to return the computer, resulting in a limitation of Plaintiff's ability to perform her duties.

22. On December 24, 2007, as Plaintiff was assisting in the store closing process, Lanore Walker Snell, the individual who replaced Plaintiff's duties and responsibilities as Assistant Store Coach until the reinstatement of Plaintiff's employment, approached Plaintiff and launched a violent and insubordinate tirade at Plaintiff. Snell's actions were so severe and intimidating that she had to be physically restrained by other staff members from approaching Plaintiff.

23. Following the incident, Plaintiff contacted Denny Hobbs, District Coach, as she was extremely disturbed by the incident and feared for her safety. Despite conveying these fears, District Coach Hobbs refused to take any action and directed Plaintiff to contact Store Coach Echols.

24. Pursuant to District Coach Hobbs' directions, Plaintiff contacted Store Coach Echols and again conveyed her fears of returning to the store, to no avail. Rather than take any action to

alleviate the harassing treatment, Defendant required Plaintiff to once again return to the same discriminatory, harassing, and now unsafe environment that Plaintiff had placed complaints about to management and human resources.

25. Following the phone call, the fear of returning to the store caused Plaintiff to have an anxiety attack, requiring hospitalization the night of December 24, 2007. Plaintiff's mother placed calls to employees of Defendant to inform them of her absence.

26. On the morning of December 26, 2007, as Plaintiff was sedated and recovering from her anxiety attack, Store Coach Echols contacted Plaintiff's cell phone and reached Plaintiff's mother. Echols then proceeded to chastize Plaintiff for failing to call Echols from the hospital. Subsequently, Plaintiff received a call from "88-Sears" to inform her that Plaintiff's pay had been docked for her recent absences.

27. On January 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end her employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

28. Following the constructive termination of Plaintiff's employment, Defendant once again replaced Plaintiff's position of Assistant Store Coach with Lanore Walker Snell. In doing so, Defendant again violated its practices and procedures by failing to post the position for the mandated five (5) day period.

29. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in

violation of 42 U.S.C. § 1981.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages KHYATI ANDREWS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT II – TITLE VII - RACIAL DISCRIMINATION

31. Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully

set out herein.

32.  The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

33.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

- A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;
- B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of race;
- C.  Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;
- D.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;
- E.  Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;
- F.  Grant Plaintiff her attorney's fees, costs, disbursements; and
- G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## COUNT III – 42 U.S.C. § 1981- RETALIATION

34. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set out herein.

35. On December 4, 2007, an illness necessitated that Plaintiff leave for the day. Per Defendant's practices and procedures, before she departed, Plaintiff attempted to contact Castra Echols, African-American Store Coach, to inform her that Plaintiff would be absent for the remainder of the day, only to find that Echols had already went home. As there was no other employee in a higher supervisory position remaining in the store, Plaintiff informed her staff and left work to recover from her illness.

36. Four days later, on December 8, 2007, despite Plaintiff fully complying with Defendant's practices and procedures when she left to recuperate from her illness, in a meeting with Store Coach Echols and Antonio Jarrett, African-American Loss Prevention Officer, Defendant terminated Plaintiff's employment for the purported reason of "time fraud."

37. In contrast to Plaintiff, Defendant has not terminated the employment of or substantively disciplined similarly-situated African-American employees with far more frequent or more excessive absences, including but not limited to Loss Prevention Manager Jarrett, who frequently has left work early or not reported to work at all, and Tinasha Washington, Soft Lines Lead, who frequently takes excessive breaks during work hours.

38. Following the termination of her employment for pre-textual reasons in violation of Defendant's policies and practices, Plaintiff placed complaints to Defendant's human resources department, employee hotline, and Lisa Aaman, Midwest Regional Coach, regarding the disparate

treatment she received on the basis of her race, Caucasian.

39. Plaintiff engaged in statutorily protected conduct 42 U.S.C. § 1981, based on her opposition to and reporting of Defendant's discriminatory conduct towards Caucasian employees.

40. Approximately ten days later, Defendant recognized that Plaintiff had not violated any store policy and reinstated her employment. However, in reinstating her employment, Defendant required Plaintiff to return to the same store location and under the same management that she had placed complaints regarding disparate treatment. While Plaintiff expressed concerns to Denny Hobbs, District Coach, about being returned to the same discriminatory environment, Hobbs simply told Plaintiff "not to worry" and that everything had just been a "misunderstanding".

41. On information and belief, Defendant did not substantively discipline the employees involved in the discrimination despite being presented with clear evidence that they had violated store policies.

42. From the outset of her return to work, Defendant began a course of conduct to retaliate against Plaintiff by subjecting her to a course of hostile, abusive, discriminatory, and harassing conduct.

43. Upon her return to work, Defendant removed Plaintiff's computer terminal from her office. Despite repeated requests, Store Coach Echols refused to return the computer, resulting in a limitation of Plaintiff's ability to perform her duties.

44. On December 24, 2007, as Plaintiff was assisting in the store closing process, Lanore Walker Snell, the individual who replaced Plaintiff's duties and responsibilities as Assistant Store Coach until the reinstatement of Plaintiff's employment, approached Plaintiff and launched a violent and insubordinate tirade at Plaintiff. Snell's actions were so severe and intimidating that she had to

be physically restrained by other staff members from approaching Plaintiff.

45.     Following the incident, Plaintiff contacted Denny Hobbs, District Coach, as she was extremely disturbed by the incident and feared for her safety if required to return to the store. Despite conveying these fears, District Coach Hobbs refused to take any action and directed Plaintiff to contact Store Coach Echols.

46.     Pursuant to District Coach Hobbs' directions, Plaintiff contacted Store Coach Echols and again conveyed her fears of returning to the store, to no avail.  Rather than take any action to alleviate the harassing treatment, Defendant required Plaintiff to once again return to the same discriminatory, harassing, and now unsafe environment that Plaintiff had placed complaints about to management and human resources.

47.     Following the phone call, the fear of returning to the store caused Plaintiff to have an anxiety attack, requiring hospitalization the night of December 24, 2007.  Plaintiff's mother placed calls to employees of Defendant to inform them of her absence.

48.     On the morning of December 26, 2007, as Plaintiff was sedated and recovering from her anxiety attack, Store Coach Echols contacted Plaintiff's cell phone and reached Plaintiff's mother.  Echols then proceeded to chastize Plaintiff for failing to call Echols from the hospital. Subsequently, Plaintiff received a call from "88-Sears" to inform her that Plaintiff's pay had been docked for her recent absences.

49.     On January 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end her employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

50. Following the constructive termination of Plaintiff's employment, Defendant once again replaced Plaintiff's position of Assistant Store Coach with Lanore Walker Snell. In doing so, Defendant again violated its practices and procedures by failing to post the position for the mandated five (5) day period.

51. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

52. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race; and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages

       that the Court may deem appropriate against Defendant;

E.      Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;

F.      Grant Plaintiff her attorney's fees, costs, and disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV – TITLE VII - RETALIATION

53.      Paragraphs one (1) through ten (10) and thirty-five (35) through fifty (50) are incorporated by reference as if fully set out herein.

54.      The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e <u>et seq</u>.

55.      As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race, and

retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

56. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
KHYATI ANDREWS, Plaintiff,


By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093