**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KHYATI ANDREWS,** | |
| Plaintiff, | |
| | No.  08 C 406 |
| v. | |
| | Judge:  Guzman |
| **SEARS HOLDING CORPORATION, d/b/a SEARS,** | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

NOW COMES Defendant, SEARS, ROEBUCK, AND CO. (incorrectly named as Sears

Holding Corporation d/b/a Sears) ("Sears"), by and through its attorneys, LITTLER

MENDELSON, P.C., and in answer to Plaintiff's First Amended Complaint, states as follows:

**ANSWER**

Defendant answers the specific allegations of the Complaint as follows, and to the extent

that any allegations are not answered below, Defendant denies such allegations.

**PRELIMINARY STATEMENT**

1.      This action seeks redress for the violation of rights guaranteed to Plaintiff by 42
U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et
seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress
Defendant's discriminatory employment practices.

ANSWER:      Defendant admits that Plaintiff purports to bring this action under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42

U.S.C. § 1981 ("Section 1981").  Defendant denies any allegations of discrimination or other

wrongdoing.  Defendant specifically denies that it engaged in any unlawful conduct under Title

VII or Section 1981.  Defendant further denies all remaining allegations in Paragraph 1.

## JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

ANSWER:     Defendant admits that this Court has jurisdiction over this civil action.

Defendant denies the remaining allegations in Paragraph 2 and specifically denies that it has

violated any federal or state laws.

## VENUE

3.     Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

ANSWER:     Defendant admits the allegation contained in Paragraph 3.

## PARTIES

4.     Plaintiff, KHYATI ANDREWS, is a Caucasian citizen of the United States who resides in the State of Illinois.

ANSWER:     Upon information and belief, Defendant admits that Khyait Andrews

resides in the State of Illinois.   However, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4,

and therefore, must deny such allegations.

5.     Defendant, SEARS HOLDING CORPORATION, d/b/a SEARS, is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

ANSWER:     Defendant admits the allegations in Paragraph 5 insofar as such allegations

relate to Defendant Sears.  Defendant denies that "Sears Holding Corporation" is a proper party

defendant in this matter; accordingly, Defendant denies the remaining allegations of Paragraph 5.

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 15, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on January 18, 2008, which Plaintiff received on January 24, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

ANSWER:      Defendant admits that, upon information and belief, Ms. Andrews filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on approximately January 15, 2008. Defendant admits that the EEOC issued a Notice of Right to Sue dated January 18, 2008 in connection with Ms. Andrew's Charge of Discrimination. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received the referenced Notice of Right to Sue. The remaining allegations in Paragraph 6 constitute legal conclusions and, therefore, require no response from Defendant. To the extent that a response is required, however, Defendant denies the remaining allegations in Paragraph 6.

## COUNT I - 42 U.S.C. § 1981 - RACIAL DISCRIMINATION

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

ANSWER:      Defendant reasserts and incorporates by reference all of its preceding responses to the preceding paragraphs of the Complaint as if fully set forth herein.

8.      Plaintiff began working for Defendant in September 2003 as a part-time Store Marketing Associate. Since the inception of her employment, Plaintiff has received five (5) promotions, and eventually was appointed to the position of Assistant Store Coach for Home Improvement at the Chicago Ridge Unit #1840 store.

ANSWER:      Defendant admits that Plaintiff began working for Sears, Roebuck, and Co. as a part-time Store Marketing Associate on September 7, 2003. Defendant further admits that Plaintiff was appointed to the position of Assistant Store Coach for Home Improvement at the Chicago Ridge Store, Unit #1840. Defendant denies all remaining allegation in Paragraph 8.

9.    Throughout the entirety of her employment with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, her performance evaluations, numerous promotions, bonuses, merit-based raises, and selection to Defendant's "Rising Star" program.

ANSWER:    Defendant admits that throughout the entirety of her employment, Plaintiff received two promotions.  Defendant denies all remaining allegations in Paragraph 9.

10.    In October 2007, Defendant appointed a new Store Coach, Castra Echols, African-American, to manage the Chicago Ridge Unit #1840 store location.

ANSWER:    Defendant admits that in or around October 2007, Castra Echols, African-American, started working as a Store Coach in its Chicago Ridge Unit #1840 store.  Defendant denies all remaining allegations in Paragraph 10.

11.    Since the inception of Store Coach Echols' appointment to Store Coach in October 2007, Defendant has discriminated against Plaintiff on the basis of her race, Caucasian, by disciplining Plaintiff in a disparate manner to her similarly situated African-American co-workers. Examples of such conduct follow.

ANSWER:    Defendant denies the allegations in Paragraph 11.

12.    On December 4, 2007, an illness necessitated that Plaintiff leave for the day. Per Defendant's practices and procedures, before she departed, Plaintiff attempted to inform Store Coach Echols that she would be absent for the remainder of the day, but Echols had already went home. As there was no other employee in a higher supervisory position remaining in the store, Plaintiff informed her staff and left work to recover from her illness.

ANSWER:    Defendant admits that Plaintiff left work on December 4, 2007.  However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.    Four days later, on December 8, 2007, despite Plaintiff fully complying with Defendant's practices and procedures when she left work to recuperate from her illness, in a meeting with Store Coach Echols and Antonio Jarrett, African-American Loss Prevention Officer, Defendant terminated Plaintiff's employment for the purported reason of "time fraud" relating to her December 4, 2007 absence.

ANSWER:    Defendant admits that on December 8, 2007, Store Coach Echols, in the presence of Antonio Jarrett, terminated Plaintiff's employment.  Defendant denies all remaining

allegations in Paragraph 13.

14.     In contrast to Plaintiff, Defendant has not terminated the employment of or substantively disciplined similarly-situated African-American employees with far more frequent or more excessive absences, including but not limited to Loss Prevention Manager Jarrett, who frequently has left work early or not reported to work at all, and Tinasha Washington, Soft Lines Lead, who frequently takes excessive breaks during work hours.

ANSWER:     Defendant denies the allegations in Paragraph 14.

15.     Any reasons proffered by Defendant for terminating Plaintiff's employment were a pretext for discriminating against Plaintiff on the basis of her race, Caucasian.

ANSWER:     Defendant denies the allegations in Paragraph 15.

16.     Shortly following Plaintiff's termination, Defendant issued an e-mail to all employees at the Chicago Ridge Unit #1840 store that Plaintiff was no longer employed by Defendant and that she had been replaced by Lanore Walker Snell, an African-American Assistant Manager In-Training with substantially less qualifications and experience than Plaintiff. Defendant promoted Walker Snell in violation of its practices and policies requiring a minimum of five (5) days notice before filling a vacant position.

ANSWER:     Defendant admits that Store Coach Echols sent an e-mail to some employees at the Chicago Ridge Unit #1840 store that stated "[e]ffective immediately Khyati Andrews is no longer with the company.  I would like to welcome Lanore Walker Snell as the new HI Coach she comes with great leadership and experience." Defendant denies all remaining allegations in Paragraph 16.

17.     Following the termination of her employment in violation of Defendant's policies and practices, Plaintiff placed complaints to Defendant's human resources department, employee hotline, and Lisa Aaman, Midwest Regional Coach, regarding the disparate treatment she received on the basis of her race.

ANSWER:     Defendant admits that, following the termination of her employment, Plaintiff called Lisa Aaman and Sears Human Resources at 1-888-88Sears.  Defendant denies all remaining allegations in Paragraph 17.

18.     Approximately ten days later, Defendant recognized that Plaintiff had not violated any store policy and reinstated her employment. However, in reinstating her employment, Defendant required Plaintiff to return to the same store location and under the same management that she had placed complaints regarding disparate treatment. When Plaintiff expressed concerns

to Denny Hobbs, District Coach, about being returned to the same discriminatory environment, Hobbs simply told Plaintiff "not to worry" and that everything had just been a "misunderstanding".

ANSWER:    Defendant admits that on or about December 17, 2007, Plaintiff was informed that she would be immediately reinstated to her same position as an Assistant Store Coach in the Chicago Ridge Store Unit #1840 with the same Store Coach she had prior to December 8, 2007. Defendant denies all remaining allegations in Paragraph 18.

19.    On information and belief, Defendant did not substantively discipline Store Coach Echols despite being presented with clear evidence that she had violated store policies by discriminating against Plaintiff in favor of an African-American employee. Further, Defendant merely returned Lanore Walker Snell to the management training program at the Chicago Ridge Unit #1840 store, despite the knowledge of her participation in the discriminatory scheme against Plaintiff.

ANSWER:    Defendant denies the allegations in Paragraph 19.

20.    From the outset of her return to work, Defendant subjected Plaintiff to a course of hostile, abusive, discriminatory, and harassing conduct.

ANSWER:    Defendant denies the allegations in Paragraph 20.

21.    Upon her return to work, Defendant removed Plaintiffs computer terminal from her office. Despite repeated requests, Store Coach Echols refused to return the computer, resulting in a limitation of Plaintiff's ability to perform her duties.

ANSWER:    Defendant denies the allegations in Paragraph 21.

22.    On December 24, 2007, as Plaintiff was assisting in the store closing process, Lanore Walker Snell, the individual who replaced Plaintiff's duties and responsibilities as Assistant Store Coach until the reinstatement of Plaintiff's employment, approached Plaintiff and launched a violent and insubordinate tirade at Plaintiff. Snell's actions were so severe and intimidating that she had to be physically restrained by other staff members from approaching Plaintiff.

ANSWER:    Defendant denies the allegations in Paragraph 22.

23.    Following the incident, Plaintiff contacted Denny Hobbs, District Coach, as she was extremely disturbed by the incident and feared for her safety. Despite conveying these fears, District Coach Hobbs refused to take any action and directed Plaintiff to contact Store Coach Echols.

ANSWER:    Defendant denies the allegations in Paragraph 23.

24.     Pursuant to District Coach Hobbs' directions, Plaintiff contacted Store Coach Echols and again conveyed her fears of returning to the store, to no avail. Rather than take any action to alleviate the harassing treatment, Defendant required Plaintiff to once again return to the same discriminatory, harassing, and now unsafe environment that Plaintiff had placed complaints about to management and human resources.

ANSWER:    Defendant denies the allegations in Paragraph 24.

25.     Following the phone call, the fear of returning to the store caused Plaintiff to have an anxiety attack, requiring hospitalization the night of December 24, 2007. Plaintiff's mother placed calls to employees of Defendant to inform them of her absence.

ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore, must deny such allegations.

26.     On the morning of December 26, 2007, as Plaintiff was sedated and recovering from her anxiety attack, Store Coach Echols contacted Plaintiff's cell phone and reached Plaintiff's mother. Echols then proceeded to chastise Plaintiff for failing to call Echols from the hospital. Subsequently, Plaintiff received a call from "88-Sears" to inform her that Plaintiff's pay had been docked for her recent absences.

ANSWER:    Defendant denies the allegations made regarding Ms. Echols' communications. Defendant further denies that "88-Sears" called Plaintiff to inform her that her pay was docked.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and therefore, must deny such allegations.

27.     On January 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end her employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

ANSWER:    Defendant denies the allegations in Paragraph 27.

28.     Following the constructive termination of Plaintiff's employment, Defendant once again replaced Plaintiff's position of Assistant Store Coach with Lanore Walker Snell. In doing so, Defendant again violated its practices and procedures by failing to post the position for the mandated five (5) day period.

ANSWER:    Defendant admits that after Plaintiff submitted her resignation, Lanore

Walker Snell became the Assistant Store Coach of the Chicago Ridge Store Unit #1840.

Defendant denies all remaining allegations in Paragraph 28.

29.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

ANSWER:     Defendant denies the allegations in Paragraph 29.

30.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

ANSWER:     Defendant denies the allegations in Paragraph 30.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages KHYATI ANDREWS;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

ANSWER:     Defendant denies that Plaintiff is entitled to any of the relief requested in her Count I Prayer for Relief.

## COUNT II - TITLE VII - RACIAL DISCRIMINATION

31.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

ANSWER:    Defendant reasserts and incorporates by reference all of its preceding responses to the Complaint as if fully set forth herein.

32.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

ANSWER:    Defendant denies the allegations in Paragraph 32.

33.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

ANSWER:    Defendant denies the allegations in Paragraph 33.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

ANSWER:     Defendant denies that Plaintiff is entitled to any of the relief requested in

her Count II Prayer for Relief.

## COUNT III - 42 U.S.C. § 1981- RETALIATION

34.     Paragraphs one (1) through ten (10) are incorporated by reference as if fully set
out herein.

ANSWER:     Defendant reasserts and incorporates by reference all of its preceding

responses to the Complaint as if fully set forth herein.

35.     On December 4, 2007, an illness necessitated that Plaintiff leave for the day. Per
Defendant's practices and procedures, before she departed, Plaintiff attempted to contact Castra
Echols, African-American Store Coach, to inform her that Plaintiff would be absent for the
remainder of the day, only to find that Echols had already went home. As there was no other
employee in a higher supervisory position remaining in the store, Plaintiff informed her staff and
left work to recover from her illness.

ANSWER:     Defendant admits that Plaintiff left work on December 4, 2007.  However,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 35.

36.     Four days later, on December 8, 2007, despite Plaintiff fully complying with
Defendant's practices and procedures when she left to recuperate from her illness, in a meeting
with Store Coach Echols and Antonio Jarrett, African-American Loss Prevention Officer,
Defendant terminated Plaintiff's employment for the purported reason of "time fraud."

ANSWER:     Defendant admits that on December 8, 2007, Store Coach Echols, with

Antonio Jarrett present, terminated Plaintiff's employment.  Defendant denies all remaining

allegations in Paragraph 36.

37.     In contrast to Plaintiff, Defendant has not terminated the employment of or
substantively disciplined similarly-situated African-American employees with far more frequent
or more excessive absences, including but not limited to Loss Prevention Manager Jarrett, who
frequently has left work early or not reported to work at all, and Tinasha Washington, Soft Lines
Lead, who frequently takes excessive breaks during work hours.

ANSWER:     Defendant denies the allegations in Paragraph 37.

38.     Following the termination of her employment for pre-textual reasons in violation
of Defendant's policies and practices, Plaintiff placed complaints to Defendant's human resources

-10-

department, employee hotline, and Lisa Aaman, Midwest Regional Coach, regarding the disparate treatment she received on the basis of her race, Caucasian.

ANSWER: Defendant admits that, following the termination of her employment, Plaintiff called Lisa Aaman and Sears Human Resources at 1-888-88Sears. Defendant denies all remaining allegations in Paragraph 38.

39.    Plaintiff engaged in statutorily protected conduct 42 U.S.C. § 1981, based on her opposition to and reporting of Defendant's discriminatory conduct towards Caucasian employees.

ANSWER: The allegations in Paragraph 39 constitute legal conclusions and, therefore, require no response from Defendant. To the extent that a response is required, however, Defendant denies the allegations in Paragraph 39 and specifically denies that it has violated any federal or state law.

40.    Approximately ten days later, Defendant recognized that Plaintiff had not violated any store policy and reinstated her employment. However, in reinstating her employment, Defendant required Plaintiff to return to the same store location and under the same management that she had placed complaints regarding disparate treatment. While Plaintiff expressed concerns to Denny Hobbs, District Coach, about being returned to the same discriminatory environment, Hobbs simply told Plaintiff "not to worry" and that everything had just been a "misunderstanding".

ANSWER: Defendant admits that on or about December 17, 2007, Plaintiff was informed that she would be immediately reinstated to her same position as an Assistant Store Coach in the Chicago Ridge Store Unit #1840 with the same Store Coach she had prior to December 8, 2007. Defendant denies all remaining allegations in Paragraph 40.

41.    On information and belief, Defendant did not substantively discipline the employees involved in the discrimination despite being presented with clear evidence that they had violated store policies.

ANSWER: Defendant denies the allegations in Paragraph 41.

42.    From the outset of her return to work, Defendant began a course of conduct to retaliate against Plaintiff by subjecting her to a course of hostile, abusive, discriminatory, and harassing conduct.

ANSWER: Defendant denies the allegations in Paragraph 42.

-11-

43.     Upon her return to work, Defendant removed Plaintiff's computer terminal from her office. Despite repeated requests, Store Coach Echols refused to return the computer, resulting in a limitation of Plaintiff's ability to perform her duties.

ANSWER:     Defendant denies the allegations in Paragraph 43.

44.     On December 24, 2007, as Plaintiff was assisting in the store closing process, Lanore Walker Snell, the individual who replaced Plaintiff's duties and responsibilities as Assistant Store Coach until the reinstatement of Plaintiff's employment, approached Plaintiff and launched a violent and insubordinate tirade at Plaintiff. Snell's actions were so severe and intimidating that she had to be physically restrained by other staff members from approaching Plaintiff.

ANSWER:     Defendant denies the allegations in Paragraph 44.

45.     Following the incident, Plaintiff contacted Denny Hobbs, District Coach, as she was extremely disturbed by the incident and feared for her safety if required to return to the store. Despite conveying these fears, District Coach Hobbs refused to take any action and directed Plaintiff to contact Store Coach Echols.

ANSWER:     Defendant denies the allegations in Paragraph 45.

46.     Pursuant to District Coach Hobbs' directions, Plaintiff contacted Store Coach Echols and again conveyed her fears of returning to the store, to no avail. Rather than take any action to alleviate the harassing treatment, Defendant required Plaintiff to once again return to the same discriminatory, harassing, and now unsafe environment that Plaintiff had placed complaints about to management and human resources.

ANSWER:     Defendant denies the allegations in Paragraph 46.

47.     Following the phone call, the fear of returning to the store caused Plaintiff to have an anxiety attack, requiring hospitalization the night of December 24, 2007. Plaintiff's mother placed calls to employees of Defendant to inform them of her absence.

ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore, must deny such allegations.

48.     On the morning of December 26, 2007, as Plaintiff was sedated and recovering from her anxiety attack, Store Coach Echols contacted Plaintiff's cell phone and reached Plaintiff's mother. Echols then proceeded to chastise Plaintiff for failing to call Echols from the hospital. Subsequently, Plaintiff received a call from "88-Sears" to inform her that Plaintiff's pay had been docked for her recent absences.

ANSWER:     Defendant denies the allegations made regarding Ms.h Echols'

communications.. Defendant further denies that "88-Sears" called Plaintiff to inform her that her pay was docked. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and therefore, must deny such allegations.

49.     On January 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end her employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

ANSWER:     Defendant denies the allegations in Paragraph 49.

50.     Following the constructive termination of Plaintiff's employment, Defendant once again replaced Plaintiff's position of Assistant Store Coach with Lanore Walker Snell. In doing so, Defendant again violated its practices and procedures by failing to post the position for the mandated five (5) day period.

ANSWER:     Defendant admits that after Plaintiff submitted her resignation, Lanore Walker Snell became the Assistant Store Coach of the Chicago Ridge Store Unit #1840. Defendant denies all remaining allegations in Paragraph 50.

51.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

ANSWER:     The allegations in Paragraph 51 constitute legal conclusions and, therefore, require no response from Defendant.  To the extent that a response is required, however, Defendant denies the allegations in Paragraph 51.

52.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and physical and emotional harm.

ANSWER:     Defendant denies the allegations in Paragraph 52.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race; and retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;

F.     Grant Plaintiff her attorney's fees, costs, and disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

ANSWER:     Defendant denies that Plaintiff is entitled to any of the relief requested in her Count III Prayer for Relief.

## COUNT IV - TITLE VII – RETALIATION

53.     Paragraphs one (1) through ten (10) and thirty-five (35) through fifty (50) are incorporated by reference as if fully set out herein.

ANSWER:     Defendant reasserts and incorporates by reference all of its preceding responses to the Complaint as if fully set forth herein.

54.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiffs opposition to race discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

ANSWER:     The allegations in Paragraph 54 constitute legal conclusions and, therefore, require no response from Defendant.  To the extent that a response is required, however, Defendant denies the allegations in Paragraph 54.

-14-

55.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

ANSWER:     Defendant denies the allegations in Paragraph 55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KHYATI ANDREWS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race, and retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole KHYATI ANDREWS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to KHYATI ANDREWS;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

ANSWER:     Defendant denies that Plaintiff is entitled to any of the relief requested in her Count IV Prayer for Relief.

## JURY TRIAL DEMAND

56.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

ANSWER:     Defendant admits that Plaintiff requests a jury trial.

## Affirmative Defenses

### First Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Defense

All actions taken and decisions made by Defendant with respect to Plaintiff were made in good faith and were based on legitimate, nondiscriminatory reasons and are therefore legally privileged.

### Third Defense

Upon information and believe, Plaintiff failed to properly mitigate her alleged damages.

### Fourth Defense

Plaintiff failed to allege facts sufficient to support recovery of punitive damages and cannot otherwise establish that she is entitled to punitive damages.

### Fifth Defense

Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to comply with federal and state law, including Title VII, Section 1981 and all other laws pertaining to employment.

### Sixth Defense

The remedies requested in the Complaint may be barred by the doctrine of after-acquired evidence.

**WHEREFORE**, Defendants prays that:

A.     Plaintiffs' Complaint be dismissed with prejudice in its entirety;

B.     Plaintiff take nothing in this action;

C.     Defendant be awarded judgment for its costs of suit and attorneys' fees; and

D.     Defendant be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

Sears Holding Corporation, d/b/a Sears

By:          /s/Terese M. Connolly
                 One of Their Attorneys


Grady B. Murdock, Jr. (#1992236)
Terese M. Connolly (#6282685)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: February 25, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Terese M. Connolly an attorney, certify that a copy of the foregoing was served

via the Court's ECF system on February 25, 2008, on the following:

> Lisa R. Kane
> Darren A. Bodner
> Janice A. Wegner
> Michael S. Young
> Lisa Kane & Associates, P.C.
> 120 South LaSalle Street, #1420
> Chicago, IL  60603

<u>/s/ Terese M. Connolly</u>