# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 406 | **DATE** | 4/8/2008 |
| **CASE TITLE** | Khyati Andrews vs. Sears, Roebuck & Co. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court denies without prejudice the parties' agreed motion for a protective order [doc. no. 26].

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Litigation, even of cases involving trade secrets and other confidential information, is generally open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Thus, courts should secrete generally public information only if "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under [Federal Rule of Civil Procedure 26(c)(1)(G)], and . . . (2) there is good cause for the protective order." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998).

The parties seek to protect from disclosure:

Any and all medical, investigative, and personnel documents referring to related to employees or former employees of Sears, other than Andrews, not previously produced by Sears, including but not limited to employment applications, interview related documents, offer letters, performance reviews, disciplinary related documents, documents containing salary and bonus information, documents containing benefits information, medical documents, leave related documents, investigation notes and related documents, termination documents and any complaints made by or against former or current employees.

(Proposed Order ¶ 2.)  Certainly, employee medical records are confidential.  But the parties have not even identified the documents that fall into the other categories let alone explained why they are entitled to protection.  Because the parties have not demonstrated good cause for protecting this information from disclosure, their motion for a protective order is denied.

The proposed order has other problems as well.  First, it does not state that entire pleadings cannot be filed under seal.  If confidential material is submitted as an exhibit to or incorporated in a pleading or brief filed with the Court, a copy of the pleading or brief with the confidential material redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal.  *See Union Oil*, 220 F.3d at 568.

Second, the proposed order must be amended to state that, confidential material filed with the Court will be in handled in accordance with Local Rule 26.2(g) after the litigation is concluded.

Because the proposed protective order is deficient, the Court denies the instant motion without prejudice.