**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KHYATI ANDREWS,**<br><br>Plaintiff,<br><br>v.<br><br>**SEARS HOLDING CORPORATION,<br>d/b/a SEARS,**<br><br>Defendant. | No.  08 C 406<br><br>Judge:  Guzman |

## <u>MOTION FOR AMENDED AGREED PROTECTIVE ORDER</u>

Now comes Defendant, Sears, Roebuck and Co. (incorrectly named Sears Holding Corporation, hereinafter "Sears"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (FRCP), and moves for entry of an Amended Agreed Protective Order governing the disclosure of confidential proprietary information regarding certain documents which will be produced in the course of this litigation.  In support of this motion, Defendant Sears states the following:

1.      Defendant Sears agreed to produce certain information only upon the entry of an appropriate protective order stating that such documents and the information therein (together referred to as "confidential documents") will be disclosed only as provided in the proposed Amended Agreed Protective Order.

2.      All parties' attorneys have met, discussed, and agreed to the terms of this protective order and have signed this protective order.

3.      The Amended Agreed Protective Order complies with FRCP 26 (c) and its subparts, as well as Local Rule 26.2 and its subparts.

4.    The proposed Amended Agreed Protective Order defines Confidential Information to include, but not be limited to, the following:

(a)    Any and all medical, investigative, and personnel information or documents referring or related to employees or former employees of Sears, other than Andrews, not previously produced by Sears, including but not limited to employment applications, interview related documents, offer letters, performance reviews, disciplinary related documents or information, documents containing salary and bonus information, documents containing benefits information, medical documents and information, leave related documents and information, investigation notes and related documents and information, termination documents and information, documents containing home addresses, telephone numbers, social security numbers, and other private information, and any complaints made by or against former or current non-party employees;

(b)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

5.    Such information is confidential and should be protected because it contains personal third, non-party information that, if disclosed, could harm, oppress, embarrass, annoy, or cause harassment to the non-parties, as well as, could subject Defendant Sears to liability based on breach of privacy claims.  Furthermore, in the interests of judicial economy, a protective order would eliminate the need to order each disclosure of such confidential information in order to vitiate such potential liability to Defendant Sears.

6.     The proposed Amended Agreed Protective Order will be separately submitted electronically in accordance with the Court's standing order.

WHEREFORE, Defendant Sears, Roebuck And Co., respectfully requests this Court to enter the proposed Amended Agreed Protective Order.

Respectfully submitted,

SEARS, ROEBUCK AND CO., Defendant


By:          s/ Grady B. Murdock, Jr.
                 One Of Its Attorneys


Grady B. Murdock, Jr. (#1992236)
Terese M. Connolly (#6282685)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: April 16, 2008

## CERTIFICATE OF SERVICE

I, Grady B. Murdock, Jr., an attorney, certify that a copy of the foregoing was served via the Court's ECF system on April 16, 2008, on the following parties:

Lisa R. Kane
Darren A. Bodner
Janice A. Wegner
Michael S. Young
Lisa Kane & Associates, P.C.
120 South LaSalle Street, #1420
Chicago, IL 60603


_____ s/ Grady B. Murdock, Jr. _____