IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KHYATI ANDREWS,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**SEARS HOLDING CORPORATION,<br>d/b/a SEARS,**<br><br>　　　　Defendant. | No.  08 C 406<br><br>Judge:  Guzman |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR
ENTRY OF ITS SECOND AMENDED AGREED PROTECTIVE ORDER**

　　Now comes Defendant, Sears, Roebuck and Co. (incorrectly named Sears Holding Corporation, hereinafter "Sears"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (FRCP), and moves for entry of a Second Amended Agreed Protective Order governing the disclosure of confidential information regarding certain documents which will be produced in the course of this litigation.  In support of this motion, Defendant Sears states the following:

**INTRODUCTION**

　　Plaintiff's discovery requests will cause Sears to produce private, sensitive and personal information and documents relating to current and former employees of the Company.  Thus, on April 7, 2008, the parties submitted to the Court a Motion for an Agreed Protective Order that governed the disclosure of this information.  On April 8, 2008, the Court denied the parties' proposed order, without prejudice, on the grounds that they had not "demonstrated good cause for protecting this information from disclosure," as required by Rule 26(c). (See April 8, 2008 Order, p. 1).  Further, the Court denied the proposed order because it did not "state that entire

pleadings cannot be filed under seal," and that "confidential material filed with the Court will be handled in accordance with Local Rule 26.2(g)." (Id.).

With the latter admonition in mind, Sears commenced discussions with Plaintiffs' counsel immediately upon receipt of the Court's Order in order to refashion an Agreed Protective Order that complied with the Court's instructions, and a private Confidentiality Agreement to protect other information that the parties would agree to maintain as confidential or proprietary. Thus, Sears submitted its Amended Agreed Protective Order on April 16, 2008. Once again, on April 24, 2008, the Court denied the parties' Amended Protective Order on the grounds that the documents were not sufficiently identified. The Court suggested that instead of identifying "types of documents" that would be subject to the Protective Order, the parties identify the "types of information" that the Protective Order would cover.

Thus, Sears redrafted the Protective Order identifying types of information that should be keep confidential. The parties agreed and Sears now submits for the Court's approval a Second Amended Protective Order.

**ARGUMENT**

"Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994). For this reason, it is important to clarify the parties' intentions ahead of time. The limited protections sought by Sears are warranted due to the confidential nature of the information contained in the Company's documents and electronic databases. Specifically, Sears seeks a protective order limited to the following documents and information:

(i) Documents that identify Sears' current or former employees by name and/or social security number, including their dependents and family members, and from which any of

the following information can be derived or ascertained: that person's social security number, compensation (including bonus, salary or incentive pay), personal financial information (including personal bank account or other financial institution information or numbers), disciplinary and performance records, medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment), arrests or criminal convictions, or credit history; and

(ii)     Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

**I.     THE COURT SHOULD ENTER THE SECOND AMENDED PROPOSED PROTECTIVE ORDER WITH REGARD TO PRIVATE, SENSITIVE AND PERSONAL INFORMATION**

The Federal Rules of Civil Procedure permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 30 (1984). "Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." Id. The Supreme Court has recognized that the liberal discovery rules "may seriously implicate privacy interests of litigants and third parties." Id. at 34. Thus, in order to protect the legitimate privacy interests, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown: "to protect a party ... from annoyance [and] embarrassment...." See also Seattle Times, 467 U.S. at 35 n .21 (recognizing that although Rule 26(c) does not contain a specific reference to privacy, it is "implicit in the broad purpose and language of the Rule.").

3

In deciding whether good cause exists, "a district court must balance the harm to the party seeking the protective order against the importance of disclosure to [the] public." Doe v. White, 2001 WL 649536, at *1 (N.D. Ill. June 8, 2001). Factors a court may consider in making the good cause determination include "privacy interests, whether the information is important to public health and safety and whether the party benefiting from the confidentiality of the protective order is a public official." Doe v. White, 2001 WL 649536, at *1 (internal citations omitted). To establish good cause, the moving party must show that disclosure of the information for which protection is sought "will result in a clearly defined and very serious injury." Andrew Corp. v. Rossi, 180 F.R.D. 338, 341 (N.D.Ill. 1998).

Plaintiffs' written discovery requests may require that Sears produce information and documentation that reveal the following information about specific current and former employees:

- compensation (including bonus, salary or incentive pay), personal financial information (including personal bank account or other financial institution information or numbers),

- medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment),

- disciplinary and performance record,

- arrests or criminal convictions, or credit history.

This material is not within the public domain and, as discussed in greater detail below, disclosure of such information would infringe upon the privacy of the individuals in question and conflict with numerous privacy-rights legislation, not to mention possibly subject them to embarrassment and annoyance, especially where their personal performance and disciplinary

4

record is disclosed. Therefore, the private and sensitive nature of this information must be protected.[1]

### A. There Are Strong Privacy Interests At Stake In The Confidential Information Regarding Individuals.

When deciding whether class members, witnesses or the public should be permitted to see confidential information regarding individuals, the Court must balance the privacy interest against the needs of the litigation and public. See, e.g., Fieldturf Intl., Inc. v. Triexe Mgmt. Group, Inc., 2004 WL 866494 (N.D. Ill. April 16, 2004) (after balancing confidentiality concerns of defendants against plaintiffs' need for access to information, the court granted access to defendants' financial information on an "outside counsel attorneys' eyes only" basis); Aspen v. King World Productions Corp., 2001 WL 1403001 (N.D. Ill. Nov. 9, 2001) (same). Here, the need to disclose private confidential information does not outweigh the individuals' privacy rights.

Current and former employees of Sears, and their dependents and family members, have a legitimate expectation of privacy concerning their name and social security number, especially when linked or otherwise tied to that person's compensation, medical history, arrests and criminal convictions, and credit history. See Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 365 (6th Cir. 1999) (noting personnel files might contain "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information,

---

[1] Courts have permitted parties to remove or otherwise redact private and sensitive personal information such as names, unlisted addresses and telephone numbers, social security numbers, marital status, medical information, criminal history and credit information, and other work related problems unrelated to Plaintiff's claims. See, e.g., Smith v. City of Chicago, 2005 U.S. Dist. LEXIS 26454 (N.D. Ill. Oct. 31, 2005); Saket v. American Airlines, Inc., No. 02C3453, 2003 WL 685385, *3 (N.D. Ill. Feb. 28, 2003) (citing Davis v. Precoat Metals, a Div. of Sequa Corp., No. 01C5689, 2002 WL 1759828, *4 (N.D. Ill. July 29, 2002)). Here, however, the private information identified in subparagraph (i) of the Amended Protective Order cannot be easily removed or redacted. The private information, such as names and social security numbers, are contained in virtually every personnel record from employees' performance evaluations to promotion applications to bonus histories. It would be an onerous task for Sears to redact all private information prior to producing the materials to Plaintiff.

medical background, credit history and other work-related problems unrelated to plaintiff's claim"); Saket, 2003 WL 685385 at *3 (same). Public disclosure of private information contained in Sears' records may cause the individuals unnecessary annoyance or embarrassment and would unfairly and gratuitously invade their privacy. See Fed. R. Civ. P. 26(c) (protective order may be entered to protect party or person from annoyance, embarrassment, oppression or undue burden or expense); Citizen's First Natl. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 946 (7th Cir. 1999) (protective orders permit parties to keep "legitimately confidential information" out of the public record).

Moreover, the public has little interest in learning the private information of the Sears' employees because it does not concern the central issues in this lawsuit. In Smith v. City of Chicago, 2005 U.S. Dist. LEXIS 26454 (N.D. Ill. Oct. 31, 2005), the City sought to protect the confidentiality of personnel, payroll, and overtime records and/or reports pertaining to its current and former employees. It also proposed to classify portions of deposition testimony touching on information contained in the records and reports as "confidential material." Id. The magistrate found that good cause existed to enter a protective order prohibiting public disclosure of Social Security numbers, salaries, rates of pay, home addresses, and telephone numbers of current and former city employees. Id. at *6. She also prohibited public disclosure of information obtained from the payroll records that did not pertain to employees' overtime/supplemental pay because that information was irrelevant to the issues in the case, and its disclosure would have constituted an unfair and gratuitous invasion of the employees' privacy. Id. However, the court found that overtime records/reports and payroll records that included overtime/supplemental pay information were relevant to issues raised in the suit. Id. at *7. Therefore, if such documents were filed, non-parties' names and identifying factors were to be redacted from the records. Id. Likewise, in the

6

instant case, where the types of information referred the parties seek to protect may be relevant to the issues raised in the case, the names of the individuals and thus, the documents on which the information is contained should be kept confidential.

Indeed, Courts have recognized that non-parties, in particular, have valid privacy concerns regarding public disclosure of their personnel information. See, e.g., Knoll, 176 F.3d at 365 (stating that "it is clear that [the employer] defendants had a valid interest in the privacy of nonparty personnel files...."); Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (stating disclosure of non-party employees' personnel files "would invade the privacy of other employees"). Thus, good cause exists to enter a protective order prohibiting public disclosure of information regarding the non-parties whose information may be disclosed. See Fed. R. Civ. P. 26(c); Smith, 2005 U.S. Dist. LEXIS at *6; Knoll, 176 F.3d at 365.

### B. State and Federal Legislation Also Supports Protecting Private, Sensitive and Personal Information.

As explained above, the Supreme Court has recognized that the government has a substantial interest in preventing the abuse of its processes by the public release of information that could be damaging to reputations and privacy. Seattle Times Co., 467 U.S. at 35. Thus, in addition to the privacy interests identified above, good cause exists to protect this information because various federal and state laws also recognize the importance of protecting private information.

For example, in response to growing concerns over the accumulation of massive amounts of personal information that is keyed to social security numbers, such as tax information, credit information, and medical records, Congress passed the Privacy Act of 1974 (5 U.S.C. §552a, as amended 2004), which, among other things, (a) permits individuals to refuse to disclose their social security number in order to obtain governmental rights, benefits or privileges; and (b) generally forbids governmental agencies from disclosing personal records without written

7

consent. Other federal laws have also placed restrictions on the use and disclosure of consumers' personal information that includes social security numbers. These laws include the Gramm-Leach-Bliley Act[2], the Drivers Privacy Protection Act[3], the Health Insurance Portability and Accountability Act (HIPAA)[4], and the Right to Financial Privacy Act.[5]

A number of states also shield social security numbers from disclosure in public records. For instance, marriage licenses contain social security numbers and a number of states, including Arizona, California, Indiana, Iowa, Kentucky, Louisiana, Maine, Montana, Ohio, and Michigan, have enacted legislative protections to prevent their disclosure. At least six states – California (Cal. Civ. Code§1798.85), Missouri (2003 Mo. SB 61, effective January 1, 2006), Arizona (2003 Ariz. Sess. Laws 137), Georgia (O.C.G.A. §33-24-57.1(f)), Utah (Utah Code Ann. §31-22-634), and Texas (2003 Tex. Gen. Laws 341) - have enacted legislation to restrict private sector uses of social security numbers. Additionally, California, for example, precludes even production of personnel files and performance reviews unless that information's relevance outweighs the privacy concerns. Article I, Section 1 of California Constitution ("All people are by nature free and independent and have inalienable rights. Among these [is] .. privacy"); <u>El Dorado Say. & Loan Assn. v. Superior Ct.</u>, 190 Cal. App. 3d 342, 345 (1987) (denying release of non-party employee's personnel file because disclosure would violate the employee's constitutional right to privacy and

---

[2] 15 U.S.C. § 6801-6810. GLBA creates a new definition of personal information that includes the social security number and limits when financial institutions may disclose the information to non-affiliated third parties.

[3] 18 U.S.C. § 2721 et. seq. DPPA prohibits disclosing personal information from a motor vehicle record that includes social security number except for purposes permissible under the law.

[4] 45 CFR Parts 160 and 164. HIPAA protects the privacy of protected health information that includes social security numbers and restricts health care organizations from disclosing such information to others without the patient's consent.

[5] 12 U.S.C. 3401 et seq. protects private information, including a person's social security number, contained in banking records.

8

party seeking discovery did not attempt less intrusive method of obtaining information). Indeed, the Local Rules of this Court also specifically recognize the importance of protecting information that leads to an individual's identity. See Local Rule 5.1(d) (requiring parties to redact personal identifiers such as social security number, driver's license number and financial account number).

Even Illinois has recognized the importance of protecting private information connected to a person's credit history. The Illinois Personal Information Protection Act (Public Act 094-0036) provides remedies to individuals whose personal information – as defined as an individual's first name or first initial and last name in combination with either the person's social security number, driver's license number State identification card number, or account number or credit or debit card number – has been disseminated by agencies that collect such data, including financial institutions, government agencies and schools.  See also  Illinois Criminal Code of 1961, as amended by Public Act 094-0038 and Public Act 094-0039; Methodist Hosp., Inc. v. Sullivan, 91 F.3d 1026, 1031 (7th Cir. 1996)(noting that public disclosure of tax returns is "highly restricted").

Likewise, state and federal legislation has been enacted to protect disclosure of an individual's private medical information, including drug/alcohol treatment and counseling, psychological treatment and counsel, and illnesses. See, e.g., HIPAA (45 C.F.R. 164.502(a)); HIPAA Privacy Rule (42 C.F.R. §§2.11, 2.13(a), and 2.31); ADA (42 U.S.C. § 12112 (d)(3)); and the Illinois Mental Health and Development Disabilities Confidentiality Act (740 ILCS § 110 et seq.).

Sears' Amended Protective Order is consistent with the protections afforded by the state and federal legislation detailed above. As recognized by federal and state legislation and this Court's

Local Rules, protective measures are appropriate to guard against the disclosure of a person's social security number.  Additionally, the moment that compensation information, medical information, arrest/criminal history and credit history, is connected to a personal identifier such as a name or social security number, disclosure of that information becomes highly intrusive.  Indeed, such information can be used as a weapon by identity thieves.  Thus, Sears is asking the Court for nothing more than what legislatures (and other courts) have already done -- to protect an individual's social security number and other private information when specifically tied to that person's name or social

## **CONCLUSION**

The information and documents the parties seek to protect has been protected in many other cases.  Sears' proposed Second Amended Protective Order narrowly defines the categories of confidential information, and offers opportunities for challenge if Plaintiff or a member of the public believes the topics have been designated too liberally.  Sears respectfully submits that a general preference for public disclosure does not outweigh the important privacy interests at stake here, particularly at this discovery stage of the litigation.  For all these reasons, Sears asks that the Court enter the Second Amended Protective Order.

        Respectfully submitted,
        SEARS, ROEBUCK AND CO., Defendant

        By:      s/ Terese M. Connolly
            One Of Its Attorneys

Grady B. Murdock, Jr. (#1992236)
Terese M. Connolly (#6282685)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: April 29, 2008

## **CERTIFICATE OF SERVICE**

I, Terese M. Connolly, an attorney, certify that a copy of the foregoing was served via the Court's ECF system on April 29, 2008, on the following parties:

>Lisa R. Kane
>Darren A. Bodner
>Janice A. Wegner
>Michael S. Young
>Lisa Kane & Associates, P.C.
>120 South LaSalle Street, #1420
>Chicago, IL  60603

>s/ Terese M. Connolly