IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KHYATI ANDREWS,**<br><br>            Plaintiff,<br><br>   v.<br><br>**SEARS HOLDING CORPORATION,<br>d/b/a SEARS,**<br><br>            Defendant. | No.  08 C 406<br><br>Judge:  Guzman |

### DEFENDANT'S MOTION FOR ENTRY OF ITS
### THIRD AMENDED AGREED PROTECTIVE ORDER

Now comes Defendant, Sears, Roebuck and Co. (incorrectly named Sears Holding Corporation, hereinafter "Sears"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (FRCP), and moves for entry of a Third Amended Agreed Protective Order governing the disclosure of confidential information regarding certain documents which will be produced in the course of this litigation.  In support of this motion, Defendant Sears states the following:

   1.   Plaintiff's discovery requests will cause Sears to produce private, sensitive and personal information and documents relating to current and former employees of the Company.  Thus, on April 7, 2008, the parties submitted to the Court a Motion for an Agreed Protective Order that governed the disclosure of this information.  On April 8, 2008, the Court denied the parties' proposed order, without prejudice, on the grounds that they had not "demonstrated good cause for protecting this information from disclosure," as required by Rule 26(c). (See April 8, 2008 Order, p. 1).  Further, the Court denied the proposed order because it did not "state that entire pleadings cannot be filed under seal," and that "confidential material filed with the Court will be handled in accordance with Local Rule 26.2(g)."  (Id.).

2. With the latter admonition in mind, Sears commenced discussions with Plaintiffs' counsel immediately upon receipt of the Court's Order in order to refashion an Agreed Protective Order that complied with the Court's instructions, and a private Confidentiality Agreement to protect other information that the parties would agree to maintain as confidential or proprietary. Thus, Sears submitted its Amended Agreed Protective Order on April 16, 2008. Once again, on April 24, 2008, the Court denied the parties' Amended Protective Order on the grounds that the documents were not sufficiently identified. The Court suggested that instead of identifying "types of documents" that would be subject to the Protective Order, the parties identify the "types of information" that the Protective Order would cover.

3. Thus, Sears redrafted the Protective Order identifying types of information that should be keep confidential. The Court denied the Protective Order, once again, on the grounds that protecting from disclosure information relating to the compensation, discipline, and performance of Sears' non-party, current or former employees was not supported by any legal authority or other basis.

4. Thus, Sears refashioned the Protective Order a third time, excluding non-party, current and former employee information relating to compensation, discipline, and performance. The parties agreed and Sears now submits for the Court's approval a Third Amended Protective Order.

5. The Third Amended Agreed Protective Order complies with FRCP 26 (c) and its subparts, as well as Local Rule 26.2 and its subparts.

6. The Third Amended Agreed Protective Order defines Confidential Information to include the following:

(i)     Documents that identify Sears' current or former employees by name and/or social security number, including their dependents and family members, and from which any of the following information can be derived or ascertained: that person's social security number, personal financial information (including personal bank account or other financial institution information or numbers), medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment), arrests or criminal convictions, or credit history; and

(ii)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

7.   Such information is confidential and should be protected because it contains personal third, non-party information that, if disclosed, could harm, oppress, embarrass, annoy, or cause harassment to the non-parties, as well as, could subject Defendant Sears to liability based on breach of privacy claims. Furthermore, in the interests of judicial economy, a protective order would eliminate the need to order each disclosure of such confidential information in order to vitiate such potential liability to Defendant Sears.

8.   The proposed Third Amended Agreed Protective Order will be separately submitted in accordance with the Court's standing order.

WHEREFORE, Defendant Sears, Roebuck And Co., respectfully requests this Court to enter the proposed Third Amended Agreed Protective Order.

       Respectfully submitted,
       SEARS, ROEBUCK AND CO., Defendant

       By:     s/ Terese M. Connolly
               One Of Its Attorneys

Adam C. Wit (#06230538)
Grady B. Murdock, Jr. (#1992236)
Terese M. Connolly (#6282685)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: May 12, 2008

## **CERTIFICATE OF SERVICE**

I, Terese M. Connolly, an attorney, certify that a copy of the foregoing was served via the Court's ECF system on May 12, 2008, on the following parties:

>Lisa R. Kane
>Darren A. Bodner
>Janice A. Wegner
>Michael S. Young
>Lisa Kane & Associates, P.C.
>120 South LaSalle Street, #1420
>Chicago, IL  60603

>s/ Terese M. Connolly