**08 C 406**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHYATI ANDREWS, | |
| Plaintiff, | No. 08 C 406 |
| v. | Judge: Guzman |
| SEARS HOLDING CORPORATION, d/b/a SEARS, | |
| Defendant. | |

### THIRD AMENDED AGREED PROTECTIVE ORDER

This matter comes before the Court pursuant to Fed. Rule of Civ. Proc. 26(c) for the entry of an Amended Agreed Protective Order governing the disclosure of documents and information therein pertaining to proprietary and/or confidential matters (together referred to as "Confidential Information"). Sears, Roebuck and Co. (hereafter "Sears") and Plaintiff, Khyati Andrews (hereafter "Andrews") agree to produce such documents only on the agreement that such Confidential Information will be disclosed as provided herein. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:

1. This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. This Protective Order shall govern all pretrial discovery materials defined as "Confidential Information." Such Confidential Information shall include, but is not limited to, the following:

   (a) documents that identify Sears' current or former employees by name and/or social security number, including their dependents and family members, and from which any of the following information can be derived or ascertained: that person's social

security number, personal financial information (including personal bank account or other financial institution information or numbers), medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment), arrests or criminal convictions, or credit history; and

(b) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. Both parties will use their best efforts to limit the number of Confidential Documents.

4. Such information is confidential and should be protected because it contains personal third, non-party information that, if disclosed, could harm, oppress, embarrass, annoy, or cause harassment to the non-parties, as well as, could subject Defendant Sears to liability based on breach of privacy claims. Furthermore, in the interests of judicial economy, a protective order would eliminate the need to order each disclosure of such confidential information in order to vitiate such potential liability to Defendant Sears.

5. Confidential Documents and information shall not be disclosed to any persons other than:

(a) Each party's in-house counsel, lawyers, and law firms, including any secretarial, clerical, and paralegal staff;

(b) Persons other than legal counsel who are retained or employed by counsel or a party for purposes of this litigation, including expert, consultants, witnesses, and printers;

(c) The court, deponents and/or witnesses, and court reporters; and

(d) The parties to this litigation and their officers, agents, and professional employees.

6. Confidential Documents shall be used only for purposes of this action, shall not be used for any business purpose, and shall be held in confidence by each qualified recipient, as defined above.

7. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated: CONFIDENTIAL, or otherwise expressly identified as confidential.

8. Each counsel shall be responsible for providing notice of this Protective Order and the terms therein to all recipients of Confidential Documents. Such persons shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as a contempt of the Court. Deponents or witnesses may be shown Confidential Documents during their depositions but shall not be permitted to keep copies of said Confidential Documents or any portion of the deposition transcript reflecting the Confidential Documents.

9. If any party objects to the designation or continued treatment of certain documents as Confidential Documents under this Protective Order, the objecting party shall inform opposing counsel in writing of the objection, and the parties shall attempt in good faith to resolve the dispute. If the parties are unable to resolve the dispute, they may seek judicial intervention, and the disputed documents shall continue to have Confidential Document status pending judicial resolution.

10. Any person making copies of Confidential Documents shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

11. If confidential information or documents are submitted as an exhibit to or incorporated in a pleading or brief filed with the Court, a copy of the pleading or brief with the confidential material redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal.

12. At no time should entire pleadings be filed under seal.

13. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Documents.

14. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request. In the alternative, at the request of either party, a party to whom Confidential Information was furnished may destroy the Confidential Information, including any copies thereof, and verify its destruction in writing within thirty (30) days of said request.

15. Confidential information filed with the Court will be handled in accordance with Local Rule 26.2(g) after the litigation is concluded.

16. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the relevance or admissibility of documents produced subject to this Protective Order.

17. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining a review and, on an appropriate showing, a revision or modification of this Order.

18. This Protective Order shall not apply to a pleading, motion, exhibits submitted at trial or other court filing in this action unless and until either party receives an order of the Court requiring either party to file such Confidential Documents under seal as required by Local Rules.

19. Nothing in the Order shall preclude an interested member of the public to challenge the secrecy of particular documents.

Agreed to:

_____
Lisa R. Kane
Counsel for Plaintiff

_____
Terese M. Connolly
Counsel for Defendant

_____
United State District Court Judge

Dated: 6/19/08